CONSUMER UTILITIES RATE ADVOCACY DIVISION
of the Arkansas Attorney General's Office, *et al. v.*
ARKANSAS PUBLIC SERVICE COMMISSION, *et al.*

CA 00-1109                                        69 S.W.3d 896

Court of Appeals of Arkansas
Divisions I and IV
Opinion delivered March 13, 2002

*Stephen B. Rowell;* and *Friday, Eldredge & Clark,* by: *Kevin A. Crass* and *R. Christopher Lawson,* for appellant Alltel Arkansas, Inc. and Alltel Communications, Inc.

*Cynthia Barton;* and *H. Edward Skinner, P.A.,* by: *H. Edward Skinner* and *Monica L. Mason,* for appellant Southwestern Bell Telephone Co.

*Mark Pryor,* Att'y Gen., by: *Eric B. Estes,* Ass't Att'y Gen., for appellant Consumer Utilities Rate Advocacy Division.

*Paul J. Ward,* for appellee Arkansas Public Service Commission.

*Chisenhall, Nestrud & Julian, P.A.,* by: *Lawrence E. Chisenhall, Jr.* and *Mark W. Hodge,* for appellees CenturyTel of Northwest Arkansas, LLC; and CenturyTel of Central Arkansas, LLC.

OLLY NEAL, Judge. This appeal comes from two Public Service Commission (PSC) orders, one of which granted certificates of convenience and necessity to appellees CenturyTel of Northwest Arkansas, LLC, and CenturyTel of Central Arkansas, LLC (collectively "CenturyTel"), and the other approving CenturyTel's intrastate switched-access rate filing. In a prior proceeding, the PSC approved a sale of assets from GTE to CenturyTel, and that approval is the subject of *Alltel Arkansas, Inc. v. Arkansas Public Service Commission,* No. CA 00-855 (hereafter "the companion appeal"), also handed down today. Both cases present, as their primary issue, the question of whether CenturyTel should have

been permitted to use an order from a 1983 docket known as the parity order to increase its intrastate switched-access rates. These are the per-minute rates charged by local exchange carriers such as CenturyTel to long distance carriers and other telephone companies, such as appellants Alltel and Southwestern Bell Telephone Company, for their use of the local exchange carrier's wires and switches. Appellants argue that the certificates of convenience and necessity should not have been issued, nor should the rate filing have been approved. As in the companion appeal, we vacate the orders appealed from and remand the case to the Commission.

On September 2, 1999, CenturyTel filed applications with the PSC for certificates of convenience and necessity, seeking authorization for the two abovementioned LLCs to operate as local exchange carriers, once the sale of GTE assets was approved. On April 5, 2000, CenturyTel filed the intrastate switched-access rates it intended to charge if the certificates were issued. Those rates were arrived at by use of the aforementioned parity order.[1] The parity order was entered in 1986 and declared that intrastate access rates should be the same as, *i.e.*, in parity with, interstate access rates. As explained in the companion appeal, CenturyTel petitioned the FCC for a particular type of waiver that would ultimately allow it to almost double the interstate switched-access rates that GTE had charged. Once those interstate rates were established, CenturyTel used the parity order to mirror those rates in the intrastate jurisdiction, thus almost doubling them as well.

On May 30, 2000, and June 29, 2000, the PSC issued orders granting the certificates of convenience and necessity and approving CenturyTel's parity rate filing. Appellants appeal from those orders.

Our review of appeals from the PSC is limited by Arkansas Code Annotated section 23-2-423(4) (Supp. 2001), which provides that judicial review shall not be extended further than to determine whether the Commission's findings are supported by substantial evidence and whether the Commission has regularly pursued its authority, including a determination of whether the order under review violated any rights of the appellants under the laws or constitutions of the United States or the State of Arkansas. *See Southwestern Bell Tel. Co. v. Arkansas Pub. Serv. Comm'n*, 69 Ark. App. 323, 13 S.W.3d 197 (2000). The PSC has broad discretion in

---

[1] CenturyTel's use of the parity order had just been approved in the sale-of-assets proceeding, as described in the companion appeal.

exercising its regulatory authority, and we may not pass upon the wisdom of the Commission's actions or say whether the Commission has appropriately exercised its discretion. *Southwestern Bell Tel. Co. v. Arkansas Pub. Serv. Comm'n*, 58 Ark. App. 145, 946 S.W.2d 730 (1997). We have often said that, if an order of the Commission is supported by substantial evidence and is neither unjust, arbitrary, unreasonable, unlawful, or discriminatory, then we must affirm the Commission's action. *Id.* The Commission's action may be regarded as arbitrary and capricious only where it is not supportable on any rational basis, and something more than mere error is necessary to meet the test. *Bryant v. Arkansas Pub. Serv. Comm'n*, 55 Ark. App. 125, 931 S.W.2d 795 (1996).

As in the companion appeal, we are asked to address several arguments regarding CenturyTel's use of the parity order to establish intrastate access rates. However, the parity order is neither abstracted nor made a part of the record. Further, the testimonial evidence tells us little more than the basic rationale behind the order. We are also asked to address whether the PSC, by allowing CenturyTel to use the parity order, abdicated its responsibility to determine whether those rates were just and reasonable. As explained in the companion appeal, that issue necessarily involves an examination of the federal rate-making process and evidence of how CenturyTel's actual costs compare with the costs assigned to it for federal purposes. We do not have sufficient information to say whether the rates calculated in the federal jurisdiction produce just and reasonable rates in the State of Arkansas.

■ We vacate the orders appealed from in the subject dockets and remand to the Commission.

HART, JJ., agrees.

ROBBINS and GRIFFEN, JJ., concur.

VAUGHT and BAKER, JJ., dissent.

WENDELL L. GRIFFEN, Judge, concurring. I agree that we must vacate the order approving the rate increase entered by the Arkansas Public Service Commission in this appeal and that we must remand the matter to the Commission. As stated in my concurring opinion in the companion appeal, CA 00-855, I hope the parties will request rebriefing and a second oral argument after the record has been supplemented by the addition of the parity order upon which both Commission decisions appear to rest.

The need for the parity order is more obvious and compelling in this case. Here, the Commission has approved a rate increase based upon the parity order that, strangely, was never made part of the record. I do not begin to understand how we can be expected to intelligently determine whether the rate decision is supported by substantial evidence and upon the exercise of the Commission's regular pursuit of its authority when the decision is based on an order that we are not allowed to read.

KAREN R. BAKER, Judge, dissenting. I dissent for reasons stated in the companion appeal in CA 00-855. Judge VAUGHT joins in this dissent.